UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CHIOFAR GUMMO BEAR,

    Plaintiff,

    v.

WASHINGON STATE, et al.,

    Defendants.

CASE NO. C10-5227BHS

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND GRANTING DEFENDANT PIERCE COUNTY'S MOTION FOR A MORE DEFINITE STATEMENT

This matter comes before the Court on Plaintiff Michael Chiofar Gummo Bear's ("Bear") motion to appoint counsel (Dkt. 8) and Defendant Pierce County's motion for a more definite statement (Dkt. 5).

**I. FACTUAL AND PROCEDURAL HISTORY**

On February 19, 2010, Bear filed his complaint in state court. Dkt. 1, Exh. B. On April 2, 2010, Pierce County filed its notice of removal in this court. Dkt. 1. On April 7, 2010, Bear filed his motion to appoint counsel. Dkt. 8. On April 8, 2010, Pierce County filed its motion for a more definite statement. Dkt. 5.[1]

---

[1] The Court notes that Pierce County, in its motion for a more definite statement, states that Bear's "complaint states that [he] 'has a mental handicap' and 'has been determined to be incapacitated to handle certain legal affairs,' presumably because he has been diagnosed as suffering from 'Paranoid Schizophrenia.'" Dkt. 5, fn 1 (quoting Dkt. 1, Exh. A. at 4-5; citing Dkt. 5, Exh. A. at 2). While Pierce County states that this Court should appoint a guardian ad litem for Bear, the Court concludes that for the time being, a guardian ad litem is not needed. However, if and when the Court finds that the assistance of a guardian ad litem is necessary, it will appoint one for Bear at that time.

ORDER - 1

In Bear's complaint, he states that he is bringing this suit "by and through His DPOA: Lennstrom, Richard." Dkt. 1, Exh. B at 1. To the Court's knowledge, Mr. Lennstrom is not a member of the bar in this state and is unqualified to represent Bear in any other capacity[2]. Therefore, Mr. Lennstrom is not qualified to bring this suit on behalf of Bear. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating that although a nonattorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (same). Accordingly, the Court instructs Bear that Mr. Lennstrom is not to prepare documents, give legal advice, or perform any other action relating to this case that would be consistent with serving as Bear's attorney or guardian, and the caption in this case shall reflect this finding regarding Mr. Lennstrom.

## II. DISCUSSION

**A.     Motion to Appoint Counsel**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although a court, under 28 U.S.C. § 1915(e), can request counsel to represent a party proceeding in forma pauperis, the court may do so only in exceptional circumstances. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In Bear's motion to appoint counsel, he states that he sought representation for the instant action from attorneys throughout King County, as well as other counties, and has been unable to obtain counsel. However, Bear has not made a request to proceed in forma pauperis in this case and therefore, §1915(e) does not apply. Regardless, Bear fails to

---

[2] Mr. Lennstrom, who also identifies himself as "Conrad A. Richardson, DPOA" (Dkt.1, Exh. N. at 2), has been found by the state court to be "not qualified" to represent Bear (Dkt. 5, Exh. B. at 2 ¶ 1.6).

ORDER - 2

demonstrate exceptional circumstances that warrant appointment of counsel. Bear has demonstrated an adequate ability to articulate his claims pro se. The remaining legal issues are narrow and are not complex. In addition, Bear does not demonstrate a likelihood of success on the merits. Thus, the Court denies Bear's motion to appoint counsel. Dkt. 8.

**B.     Motion For a More Definite Statement**

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.  Fed. R. Civ. P. 8(a).  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).

Bear's complaint does not contain a short and plain statement showing that he is entitled to relief, and therefore, Pierce County's motion for a more definite statement is granted under Rule 12(e).  Bear is instructed to file an amended complaint in which he will clearly set out: (1) each act that is complained of; (2) how, when, and where, each named defendant is responsible for the alleged act being attributed to them; and (3) the specific relief sought for each of these acts.

### III. ORDER

Therefore, it is hereby **ORDERED** that

Bear's motion to appoint counsel (Dkt. 8) is **DENIED**; Pierce County's motion for a more definite statement (Dkt. 5) is **GRANTED**; and Bear is ordered to file an amended complaint no later than June 4, 2010.

DATED this 12th day of May, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3