UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL CHIOFAR GUMMO BEAR,

    Plaintiff,

    v.

WASHINGTON STATE, et al.,

    Defendants.

CASE NO. C10-5227BHS

ORDER OF DISMISSAL AND REMAND

    This matter comes before the Court on Defendants' motions to dismiss (Dkts. 26, 38, 43 & 46) and motion for summary judgment (Dkt. 49) as well as the report of the guardian ad litem ("GAL") appointed by the Court for Plaintiff Michael Chiofar Gummo Bear ("Bear") in this action (Dkt. 64). The Court has considered the pleadings filed in support of and in opposition to the motions, the report of the GAL attorney John O'Melveny ("O'Melveny"), and the remainder of the file and hereby dismisses Bear's claims with prejudice against all Defendants with the exception of his tort claim against Defendant Michael J. Underwood ("Underwood"), which will be remanded to state court, for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

    On February 19, 2010, Bear filed his complaint in state court alleging civil rights violations and naming multiple parties as Defendants. Dkt. 1, Exh. B. On April 2, 2010, Defendant Pierce County filed its notice of removal in this Court. Dkt. 1. On May 12, 2010, the Court granted Pierce County's motion for a more definite statement (Dkt. 13)

ORDER – 1

and on May 25, 2010, Bear filed an amended complaint (Dkt. 14).  In the amended complaint, Bear alleges that on multiple occasions he was denied his "Civil rights and other rights" by Defendants.  Dkt. 14 at 80-81.  The claims contained in Bear's amended complaint mostly center around criminal charges that were filed against him and time he spent in Pierce County jail.  *See generally* Dkt. 14.

On June 30, 2010, Bear filed his motion to amend his complaint to add  "United States of America, Social Security Administration, Ms. Sherry Richardson, Manager Kent Office" as Defendants in this action.  Dkt. 35.  On September 9, 2010, the Court granted Bear's and Defendant Valerie Maushige's stipulated motion for appointment of GAL pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.  Dkt. 58.  The Court noted in the order that Bear had been found incapacitated to handle his legal affairs by at least two other courts (Dkt. 5 at 8, 12).  Dkt. 58.  In addition, the Court noted that Bear also admitted that he is incapacitated to manage his lawsuits (Dkt. 5 at 8, 12) and had requested a GAL (Dkt. 53).  Dkt. 58.

Accordingly, the Court appointed O'Melveny to serve as GAL to Bear.  The Court ordered that O'Melveny serve as Bear's GAL for the limited purpose of reviewing the pleadings in this action and making a determination as to whether Bear's pending claims have merit and whether it is in Bear's best interest to proceed with the lawsuit.  On February 4, 2011, the GAL submitted his report.  Dkt. 64.

## II. DISCUSSION

As an initial matter, according to the report, Bear told O'Melveny that he wished to dismiss his claims against Defendant Valerie Marushige and O'Melveny recommends that such claims be dismissed.   In his report, O'Melveny recommends, with the exception of Bear's possible tort claim against Underwood, that each of Bear's claims against Defendants should be dismissed as stated herein.

ORDER – 2

**A.    Inapplicable Bases for Relief**

Bear's claims brought under 42 U.S.C. § 1988 (providing for expert and attorney's fees), 42 U.S.C. § 12101 (providing the legislative findings and purpose of the Americans with Disabilities Act ("ADA")), 28 U.S.C. § 1331 (governing federal question jurisdiction), the Warsaw Treaty, and the "Geneva Treaty" should be dismissed as those statutes and treaties are inapplicable to Bear's claims.

**B.    Claims Requiring Dismissal**

In his complaint, Bear alleges various claims under the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983, Washington Law Against Discrimination, RCW 49.60 ("WLAD"), and the ADA against Defendants Pierce County; King County; City of Seattle; State of Washington, specifically naming Judge Lum, Court of Appeals Commissioner Schmidt, Court of Appeals Commissioner Ellis, Department of Social and Health Services ("DSHS"), Department of Corrections ("DOC"), and Department of Licensing ("DOL"); Underwood; William Michelman; Larry Garrett; and United States Social Security Administration ("SSA") and Sherry Richardson, an employee of the SSA.

### 1.    Pierce County

Bear brings claims against Pierce County for violations of § 1983, the ADA, and the WLAD and alleges the following facts to support these claims: (1) wrongful imprisonment, including restrictions on his travel, by numerous Pierce County employees including the police, correction officers, prosecutors, and judicial assistants; (2) he was forced to plead guilty to a crime that did not happen; and (3) he suffered prosecutorial vindictiveness.

Bear's claims brought under § 1983 should be dismissed because he has not alleged any practice, policy, or custom on the part of Pierce County that would have deprived him of a federal constitutional right. Bear's claims brought under the ADA should be dismissed because he has failed to allege that he was excluded from participation in, or denied benefits from, Pierce County and thus his allegations are

ORDER – 3

legally insufficient to support his claims. Bear's claims brought under the WLAD should be dismissed because he has failed to allege facts to show that Pierce County provided, or failed to provide, treatment that was not comparable to that provided to the non-disabled and has pled no facts to show that his disability resulted in any discrimination on the part of Pierce County.

### 2.     King County

Bear brings claims against King County for violations of § 1983, the ADA, and the WLAD and alleges the following facts to support these claims: (1) King Country transferred a civil suit against King County to Pierce County, a suit that was eventually settled by a GAL appointed to represent Bear; (2) there was a conspiracy between Judge Lum and visiting Judge Linda Lee, Judge Lee and her judicial assistant were hired by King County, and Judge Lee then caused criminal charges to be brought against Bear; and (3) King County was negligent in hiring Garrett as Bear's GAL.

Bear's claims brought under § 1983 should be dismissed because he has not alleged any practice, policy, or custom on the part of King County that would have deprived him of a federal constitutional right. Bear's claims brought under the ADA should be dismissed because he has failed to allege that he was excluded from participation in, or denied benefits from, King County and thus his allegations are legally insufficient to support his claims. Bear's claims brought under the WLAD should be dismissed because he has failed to allege facts to show that King County provided, or failed to provide, treatment that was not comparable to that provided to the non-disabled and has pled no facts to show that his disability resulted in any discrimination on the part of King County. In addition, any possible claims against King County regarding the court's appointment of Bear's former GAL Larry Garrett would be precluded by judicial immunity.

### 3.     City of Seattle

Bear's claims brought against the City of Seattle based on allegations that it filed new criminal charges against him do not create liability under § 1983, the ADA, or the

ORDER – 4

WLAD for the same reasons his claims against Pierce County fail under those statutes. Bear's allegation that the jail refused to accommodate his mental disability by not giving him proper medication is not a proper basis to bring a § 1983 claim as he has not alleged a policy, practice or custom on the part of the City of Seattle causing a violation of his constitutional rights and a policy cannot be established by a single occurrence. Bear's allegation regarding the denial of his medication is also an improper basis for an ADA or WLAD claim. Bear's claim regarding assault, allegedly occurring while he was being booked at the King County jail, must be dismissed because he fails to allege that any City of Seattle employee was working at, or responsible for, booking at the King County jail. Bear's claims related to any actions by the City of Seattle Municipal Court should be dismissed based on judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (stating that a judge has absolute immunity for acts taken in the course of his official duties).

**4.     State of Washington**

**a.     Judge Lum, Court of Appeals Commissioners Schmidt and Ellis**

Bear's claims against Judge Lum are based on allegations that he conspired to transfer a case to Pierce County. Bear's claims against Commissioner Schmidt are based on allegations that he wrote that Bear had no right to appeal or right to counsel in a case and that Commissioner Schmidt was engaged in a hate crime against Bear. Bear's claims against Commissioner Ellis are based on allegations that he likened Bear to a "sex predator" in a statement made approximately ten years ago, that he dismissed one of Bear's suits for failure to pay a filing fee (the appeal from the case in which Garrett approved the settlement with King County), and that he violated Bear's due process in that the decision related to the filing fee was not in good faith.

Bear's claims against Judge Lum and Commissioners Schmidt and Ellis should be dismissed based on judicial immunity. *See Stump*, 435 U.S. at 356.

### b. DSHS

Bear's claims against DSHS are based on allegations that it withheld eighty percent of his needed medications while he was a patient at Western State Hospital in November 2007 and that DSHS attorney Dorsey signed King County's attorney's name on a court document.

Bear cannot bring claims based on § 1983 against DSHS as it is a state agency, not a person, and is therefore immune from a § 1983 action. Bear cannot bring an ADA claim against DSHS because he has failed to allege that DSHS discriminated against or denied services based on Bear's disability.

### c. DOC

Bear's claims against DOC are based on allegations that DOC sent employees to Dr. Heffner, one of Bear's doctors, to tell Dr. Heffner to stop prescribing Bear Marinol. Bear alleges that the employees threatened him and took alcohol from his apartment.

Bear cannot bring claims based on § 1983 against DOC as it is a state agency, not a person, and is therefore immune from a § 1983 action. Bear cannot bring an ADA claim against DOC because he has failed to allege that DOC discriminated against or denied services based on Bear's disability.

### d. Department of Licensing

Bear's claims against DOL are based on allegations that DOL allowed the sale of his car for $40, that DOL allowed the transfer of title of his car even though he told DOL he had title to the car, that he was billed for the storage of his car, and that the car was taken from the parking lot of his apartment.

Bear cannot bring claims based on § 1983 against DOL as it is a state agency, not a person, and is therefore immune from a § 1983 action. Bear cannot bring an ADA claim against DOL because he has failed to allege that DOL discriminated against or denied services based on Bear's disability.

### 5. William Michelman

Bear's claims against Michelman are based on allegations that Michelman allowed Bear to be arrested in court by failing to go to the trial judge to quash a bench warrant, misrepresenting facts in court the following day, and holding Bear to a fee agreement in the amount of $3600.

Bear has failed to allege facts that Michelman breached any duty owed to Bear and there are insufficient facts to support a malpractice claim against Michelman. In addition, Bear has failed to allege facts that would support a claim against Michelman under § 1983, the ADA, or the WLAD.

### 6. Larry Garrett

Bear's claims against Garrett are based on Garrett's approval of the $4000 settlement with King County in the case in which Garrett was appointed as a GAL for Bear. Bear alleges that while Garrett was only appointed as his litigation GAL in one case that Garrett dismissed twenty cases including a court of appeals case. Bear also claims that Garrett breached his fiduciary duty to him because he should have settled the case with King County for the value of Bear's coin collection, which was sold by Bear's roommate to bail him out of jail. The coin collection was sold for $6,000 but Bear values the collection at $148,000.

Bear's claims against Garrett should be dismissed as the facts fail to support a claim that Garrett breached his fiduciary duty to Bear. In addition, Bear has failed to allege facts that would support a claim against Garrett under § 1983, the ADA or the WLAD.

### 7. SSA and Sherry Richardson

Bear's claims against Richardson and the SSA are based on allegations that the SSA temporarily terminated payments to him while he was in jail and that during the time there was an outstanding arrest warrant for Bear in Pierce County, the SSA held his checks. The payments were reinstated after the court of appeals allowed Bear to withdraw his guilty plea. Bear seems to allege that the SSA was a part the alleged

ORDER – 7

conspiracy between Pierce County and King County related to his wrongful jailing and warrants for his arrest.

Bear has failed to allege facts that would support a claim against Richardson or the SSA under § 1983, the ADA, or the WLAD.

### 8. Michael Underwood

Bear alleges a claim against Underwood for malpractice in a criminal case in which he was representing Bear. Bear's factual allegations concerning Underwood do not support claims under § 1983, the ADA, or the WLAD. However, there is a factual question as to whether Bear has a malpractice claim against Underwood, which would arise under Washington law. Because the Court has concluded that all other claims should be dismissed, the Court will remand this claim to the state court in which it was originally filed.

### C. Conclusion

The Court has considered Defendants' pending motions to dismiss and for summary judgment, O'Melveny's report, and Bear's response to the report and concludes that Bear's claims against all Defendants should be dismissed with prejudice as there is no factual basis to support such claims as stated herein and in Mr. O'Melveny's report, with the exception of the possible tort claim against Underwood which will be remanded to the state court in which it was originally filed.

### III. ORDER

Therefore, the Court hereby **ORDERS** that Bear's tort claim against Underwood is **REMANDED** to the state court in which it was filed and that all remaining claims against Defendants be **DISMISSED with prejudice** for the reasons stated herein.

DATED this 24th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 8